IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ENERGY*SOLUTIONS*, LLC,     Plaintiff, <br><br> vs. <br><br> CONNECTICUT YANKEE ATOMIC POWER COMPANY,     Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE <br><br><br> Case No. 2:06-CV-951 TS |

      This matter came before the Court on April 26, 2007, for hearing on Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue.[1]  The Court heard argument of counsel and, at the close of the hearing, took the matter under advisement.  The Court is now prepared to rule. Having considered the pleadings and the file, the oral argument of counsel, and being otherwise fully informed, the Court will deny Defendant's Motion, as set forth more fully below.

---

[1] Docket No. 6.

1

I.   BACKGROUND

This case was filed by Energy*Solutions* on November 13, 2006, alleging three causes of action against Connecticut Yankee ("CY"): 1) breach of CY Disposal Agreement, 2) breach of the covenant of good faith and fair dealing, and 3) unjust enrichment.

The instant Motion is brought pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(6) and, alternatively, 28 U.S.C. § 1404(a).  Defendant argues that a forum selection clause in a related contract between it and Duratek – the Technical Services Contract – mandates that this case be heard in Connecticut.  Plaintiff responds that its Complaint arises solely under the Disposal Agreement between Envirocare and CY.[2]

II.   DISCUSSION

As a general matter, 28 U.S.C. § 1391(a) allows for proper venue to lie according to the residence of the parties, or the location "in which a substantial part of the events or omissions giving rise to the claim occurred."  However, the disputed issue here is whether there exists a contractually mandatory forum selection clause between the parties that requires suit to be brought in Connecticut.

Before the Court can make a determination regarding whether such a forum selection clause is valid or enforceable, it must first determine which agreement or agreements apply to this action as between the parties at bar.

Defendant entered into two separate contracts relevant here: one with Duratek – the Duratek Technical Services Agreement – and one with then-Envirocare – the Disposal

---

[2] Later, Plaintiff Energy*Solutions* acquired both Duratek and Envirocare.

Agreement.  It is the Duratek contract which contains the forum selection clause which Defendant attempts to invoke in this matter; the Disposal Agreement contains no such clause. Plaintiff asserts that it has not asserted any claims against Defendant based upon the Duratek Technical Services Agreement but, rather, all claims are based upon the Disposal Agreement.

Based upon the Complaint and the representations made by Plaintiff's counsel at the hearing,[3] the Court finds that it is not necessary to adjudicate the rights of the parties under the Duratek Technical Services Contract and the special quote.  The three causes of action pleaded by Plaintiff are based upon the Disposal Agreement, and the Technical Services Contract is not materially relevant to those claims.  Consequently, the forum selection clause contained therein is not triggered in this case, and the issue of whether the clause is valid and enforceable is not before the Court.

Defendant's Motion is brought pursuant to 28 U.S.C. § 1406(a), which allows for dismissal or transfer in a "case laying venue in the wrong division or district."  Based upon its finding that the forum selection clause in the Duratek Technical Services Contract is not applicable here, the Court cannot make a finding that venue is improper here under § 1406(a). Simply put, there is no defect to cure.

---

[3] At the April 26, 2007 hearing, Plaintiff's counsel represented as follows: The only relief Plaintiff seeks is under the Disposal Agreement between CY and Energy*Solutions*; no claim is made under the Technical Services Agreement; Plaintiff hasn't studied whether a claim against Defendant on behalf of Duratek under the Technical Services Agreement is possible; no such claim is alleged here, and would require amendment of the Complaint; Plaintiff does not seek a declaration of any party's rights under the Technical Services Agreement; such a declaration is not necessary and is not crucial to Plaintiff's rights under the Disposal Agreement.

Alternatively, Defendant requests that this Court transfer venue to Connecticut, pursuant to 28 U.S.C. § 1404(b), which allows for a change of venue "[f]or the convenience of the parties and witnesses, in the interest of justice." Under § 1404(a), Defendant bears the burden of showing that the existing forum is inconvenient.[4] "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[5] Having balanced the relevant factors, the Court finds that Defendant has failed to meet its burden to show that the current forum is inconvenient. The Court, therefore, declines to change venue to Connecticut.

Having found that there is no contractually mandated forum selection clause applicable to this action requiring dismissal or transfer and, further, that the convenience of the parties does not favor transfer, the Court finds that venue is proper in this District, pursuant to 28 U.S.C. § 1391(a).

III.   CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue (Docket No. 5) is DENIED.

SO ORDERED.

---

[4] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[5] *Id.* (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

DATED  April 26, 2007.

                                             BY THE COURT:

                                             _____
                                             TED STEWART
                                             United States District Judge